
******************************************************

| | | |
|---|---|---|
| CHRISTINA A. HOF, f/k/a/ | * | CIV. 07-4186 |
| CHRISTINA A. THOMPSON, | * | |
| | * | |
| Plaintiff, | * | MEMORANDUM OPINION AND |
| | * | ORDER GRANTING DEFENDANT'S |
| vs. | * | MOTION FOR SUMMARY |
| | * | JUDGMENT AND DENYING |
| UNITED STATES OF AMERICA, | * | PLAINTIFF'S MOTION FOR |
| | * | SUMMARY JUDGMENT |
| Defendant. | * | |
| | * | |

******************************************************

Plaintiff, Christina A. Hof, f/k/a/ Christina A. Thompson, has sued Defendant, the United States of America, to recover refunds resulting from earned income credits claimed in the 2001 and 2002 tax years. Pending before the Court are both Defendant's and Plaintiff's Motions for Summary Judgment. (Docs. 17, 18). The parties agree that there are no genuine issues of material fact that must be decided by the trier of fact at trial and that summary judgment is appropriate at the present time.

## BACKGROUND

On or about August 17, 2006, Plaintiff filed her 2001 income tax return, Form 1040, with the Internal Revenue Service Center, Ogden, UT 84201. On that return, Plaintiff reported a self employment tax liability in the amount of $1,379 and claimed a refund in the amount of $1,049. The claimed refund resulted from a $2,428 claim for earned income credit. The Internal Revenue Service, on October 9, 2006, assessed $1,379 in self employment taxes against Plaintiff and on October 19, 2006, the Internal Revenue Service disallowed Plaintiff's $1,049 refund claim based on its determination that Plaintiff's claim was untimely.

On or about August 17, 2006, Plaintiff filed her 2002 federal income tax return, Form 1040A in which she reported zero income tax liability and claimed a refund in the amount of $3,103. The claimed refund resulted from a $2,506 claim for earned income credit and $597 in withholdings. On October 9, 2006, the Internal Revenue Service assessed $0.00 income taxes and on November 30, 2006, the IRS disallowed Plaintiff's 2002 refund claim because it was deemed untimely. The Internal Revenue Service explained that "To claim that overpayment as a credit or to obtain a refund, you have to file your tax return within 3 years from its due date. Withheld tax and estimated tax are deemed to be paid on the last day prescribed (i.e., April 15) for filing your tax return. The excess of any amount allowable for the earned income credit over the actual income tax is treated in a similar manner to these prepaid credits." (Doc. 20-3 at ¶ 17).

On December 18, 2007, Plaintiff filed a Complaint with the United States District Court for the District of South Dakota Souther Division to recover the overpayments after the Internal Revenue Service rejected Plaintiff's request that the overpayment in each year be refunded.

## DISCUSSION

The issue in this case regards whether Plaintiff may claim refunds in August 2006 generated by earned income credit in the 2001 and 2002 tax years.

### A. Positions of the Parties to this Dispute

Section 6511 of the Internal Revenue Code, 26 U.S.C. § 6511(b), places two limitations on refund claims that are pertinent to the case at bar. *See generally Commissioner v. Lundy*, 516 U.S. 235, 240, 116 S.Ct. 647, 651, 133 L.Ed.2d 611 (1996) (explaining that § 6511 contains two separate timeliness provisions: (1) § 6511(a)'s filing deadline and (2) § 6511(b)(2)'s ceilings, which are defined by reference to that provision's "look-back period[s].") First, a claim for refund must be filed within three years of the date the tax return is filed. 26 U.S.C. § 6511(a); *see also Fairley v. United States*, 901 F.2d 691, 693 (8th Cir. 1990). Second, a claim for refund may not exceed the

2

portion of the tax that was paid during the three years immediately preceding the filing of the claim. 26 U.S.C. § 6511(b)(2)(A); *see also Israel v. United States,* 356 F.3d 221, 224 (2d Cir. 2004).

Neither party in this case disputes that Plaintiff has satisfied the first limitation. Treasury Regulation § 301.6402-3(a)(5) provides that where an individual files a tax return disclosing an overpayment, that return itself "shall constitute a claim for refund ... within the meaning of . . . section 6511." Because Plaintiff filed on or about August 17, 2006, her 2001 and 2002 federal income tax returns which disclosed overpayments, Plaintiff is regarded as having filed a claim for refund as of that August date.

The primary dispute in this case regards whether Plaintiff has satisfied the limitations period of 26 U.S.C. § 6511(b)(2)(A)[1] which provides that a claim for refund may not exceed the portion of the tax that was paid during the three years immediately preceding the filing of the claim. The question then, is when Plaintiff's tax for the 2001 and 2002 tax years is deemed paid? Defendant argues that 26 U.S.C. § 6513(b)(1) applies in this case for purposes of determining when income tax withholding is paid under § 6511(b)(2)(A). Section 6513(b)(1) provides that:

> Any tax actually deducted and withheld at the source during any calendar year under chapter 24 [26 U.S.C. 3401 etc.] shall, in respect to the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

Pursuant to § 6513(b)(1), Defendant contends that the earned income credit upon which Plaintiff now seeks a refund for the 2001 and 2002 tax years is deemed paid as of April 15, 2002, and April 15, 2003, respectively. If that is the case, then under Section 6511(b)(2)(A), Plaintiff cannot seek a refund based on the earned income credit for the 2001 tax year after April 15, 2005, or on the

---

[1] Section 6511(b)(2)(A) states in pertinent part: "If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return."

3

earned income credit for the 2002 tax year after April 15, 2006. Because Plaintiff did not claim her refunds until August 17, 2006, after the established deadlines, Defendant contends that Plaintiff's claims are barred.

Plaintiff, on-the-other-hand, contends that § 6513(b)(1) does not apply in this particular case for purposes of determining when income tax withholding is paid under § 6511(b)(2)(A) because earned income credit is not explicitly listed in the plain language of § 6513(b)(1) as a payment subject to the "deemed-paid" rules delineated in therein. Plaintiff argues that based on the canons of statutory construction, "[a]bsent a clearly expressed legislative intention to the contrary, [language in the statute itself] must ordinarily be regarded as conclusive." (Pl. Br. at 4) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). Section 6513(b) makes two specific types of prepayments subject to the "deemed paid" rules: withholdings[2] and estimated taxes. Plaintiff argues that earned income credit does not qualify as either tax "actually deducted and withheld at the source" or estimated taxes, the Court is bound under the rules of statutory construction to find that earned income credit is not subject to § 6513(b).

Plaintiff suggests that because § 6513(b) does not govern when taxes are deemed paid in this case, the Court must look to case law in making this determination. Plaintiff argues that pursuant to the Eighth Circuit's decision in *United States v. Dubuque Packing Co.*, 233 F.2d 453, 459-60 (8th Cir. 1956), the Court is obligated to find that payment of a tax occurs at the date a tax obligation is assessed.[3] In *Dubuque*, the plaintiff filed, in May 1948, claims for refunds of overpayments resulting

---

[2]Section 6513(b)(1) encompasses wage withholdings while § 6513(b)(3) encompasses withholding of tax on nonresident aliens and foreign corporations.

[3]The Court notes that the court's holding in *Dubuque*, that a tax is not deemed to have been paid until assessment, has subsequently been called into question by the United States Supreme Court in *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *see also GIT v. Dept. of Treasury*, 76 F.3d 382, at *2 (8th Cir. 1996) (per curiam) (unpublished) (citing *Dalm*) (affirming district court's decision rejecting plaintiff's argument that the remittance paid to the IRS is not within reach of section 6511). In *Dalm*, the plaintiff claimed that her claimed gift tax refund was not barred by § 6511(a) because the statute of limitations did not begin to run until the time of assessment. *Id.* at 610, n.7 (arguing that the gift tax was not paid

4

from retroactive adjustments to inventory valuation which affected plaintiff's reported net income. *Id.* at 454. The Internal Revenue Service rejected the plaintiff's refund claims on the basis that the two year statute of limitations provided in 26 U.S.C. § 322(b)(1)[4] had began to run when the taxpayer made remittances to the agency and that the plaintiff's refund claims were thus barred under the statute. *Id.* at 458-59.

The court in *Dubuque* rejected the argument by the Internal Revenue service, and instead concluded that the plaintiff's refund claims were not barred because the statute of limitations did not begin to run until the date of assessment. *Id.* at 459-60. The court reasoned that under *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), there can be no payment of tax for purposes of determining the statute of limitations under § 322(b) until tax liability is defined at the time of assessment. *Id.* at 460. The court stated that "Until the assessment there was no 'tax' 'erroneously or illegally assess or collected as to which payment could be made. Until that time the liability was not defined.'" *Id.*

---

for purposes of 6511(a) until 1984, when it was determined that she owed income tax on the same transaction under an inconsistent theory."). In what appears to be a complete repudiation of the court's holding in *Dubuque*, the Supreme Court stated rejected the plaintiff's argument that the gift tax was not paid until the time of assessment, reasoning that,
>The most sensible interpretation of § 6511(a) is that a tax is paid when the taxpayer tenders payment of the tax to the IRS, not when the taxpayer discovers that the payment was erroneous. The very purpose of statutes of limitations in the tax context is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious. That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate the lift the statutory bar.

Dahl, at 610, n.7.

Regardless of whether *Dubuque* is still good law, the Court finds, as stated below, that Congress intended that § 6513(b)(1) apply in determining the allowable time to claim refunds of earned income credit.

[4]26 U.S.C. § 322(b)(1), the predecessor to 26 U.S.C. § 6511(a), provided: "Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no refund shall be allowed or made after the expiration of whichever of such periods expires the later."

5

In this case, Plaintiff argues that under *Dubuque*, tax is not considered paid for purposes of determining the statute of limitations under § 6511(a) until the Internal Revenue Service has had an opportunity to assess Plaintiff's eligibility for earned income credit. Because assessment did not take place until after Plaintiff filed her refund claim via Forms 1040 and 1040A with the Internal Revenue Service on or about August 17, 2006, Plaintiff contends that her refund claims are not barred since her 2001 and 2002 taxes are deemed paid within the three years immediately preceding the filing of her refund claim.

## B. Court's Analysis and Conclusion

The primary question before the Court, as framed by Plaintiff, is one of statutory construction. Plaintiff, in essence, argues that Congress's intent not to subject earned income credits to the deemed-paid rules of § 6513(b) is evident under the plain language of the statute because earned income credit is not explicitly listed in § 6513(b) as a payment subject to the "deemed-paid" rules delineated in therein.

On a question of statutory construction, a court must determine Congressional intent. *Dole v. United Steelworkers of Am.*, 494 U.S. 26, 35, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990) (citation omitted). To determine Congressional intent, the Court must first look to the plain language of the statute. *Id.* (citing *Schreiber v. Burlington Northern, Inc.*, 472 U.S. 1, 5, 105 S.Ct. 2458, 2461, 86 L.Ed.2d 1 (1985)). However, "in expounding a statute, [the Court is] not guided by a single sentence or member of a sentence, but look[s] to the provisions of the whole law, and to its object and policy." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 51, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987) (citation omitted). When looking at the broader context of the statute, the legislative history of the statute should be considered, but absent a clearly expressed legislative intention to the contrary, the language must be regarded as conclusive. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980).

One case pertinent to the present case is *Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 106

S.Ct. 1600, 89 L.Ed.2d 855 (1986), in which the United States Supreme Court examined earned-income credit in the context of the Internal Revenue Code as a whole and stated that earned income credit is to be treated as if it were a "refund of Federal taxes paid" and is subject to interception under the plain language of the intercept statute, 42 U.S.C. § 664(a). *Id.* at 863. Based upon the *Sorenson* Court's treatment of earned income credit as a refund of a tax paid, Defendant argues that the "deemed paid" rule of § 6513(b) applies in this case because it is "an express limitation on refunds of overpayments." (Defs. Reply Br. at 3.)

It is true, as Plaintiff suggests, that this language in *Sorenson* is only persuasive, as the case involved the applicability of the tax intercept law, 42 U.S.C. § 664(a), to earned-income credit rather than the applicability of the deemed-paid rule of § 6513(b). However, this language must inform the Court's interpretation of how Congress intended to treat earned income tax within the Internal Revenue Code.

The Court finds, however, that characterizing § 6513(b) as "an express limitation on refunds of overpayments," as does Defendant in this case, overgeneralizes the scope of the statute. Section 6513(b) is not an express limitation on refunds of overpayments, but rather a limitation on the following overpayments enumerated therein: (1) any tax actually deducted and withheld at the source during any calendar year under chapter 24[5]; (2) any amount paid as estimated income tax for any taxable year; and (3) any tax withheld at the source under chapter 3[6]. In order for Defendant to succeed in this lawsuit, the Court must find that Congress intended earned income credit to be treated as one of the enumerated overpayments listed above.

In *Israel v. United States*, 356 F.3d 221, 226 (2d Cir. 2004), the Second Circuit examined the text of § 6513(b) in light of the object and policies underlying the Internal Revenue Code and

---

[5]Chapter 24 regards "Collection of Income Tax at Source on Wages."

[6]Chapter 3 encompasses withholding of tax on nonresident aliens and foreign corporations.

7

concluded that earned income credit is sufficiently "similar to excess withholding taxes" to justify similar treatment and thus § 6513(b)(1) (wage withholding) applies in such cases in determining the statute of limitations under § 6511(b)(2)(A). *Israel* is the first and thus far only appellate court to address this precise issue.[7]

While the court in *Israel* acknowledged that § 6513(b)(1) applies to "any tax *actually* deducted and withheld at the source," the court found that it would be "objectively unreasonable" considering the context and objectives of the Internal Revenue Code, to exclude earned income credits from this definition on the basis that earned income credits are sometimes constructively rather than actually withheld. *Id.* at 225-26. First, the court concluded that it was illogical to hold that § 6513(b)(1) applies to limit refunds of earned income credits only during tax years in which taxes were actually withheld from a taxpayer's income. The court stated that there is no indication that Congress intended eligibility for earned income credit refunds to be dependent on whether a taxpayer "earned so little that [the taxpayer] actually paid less then [the taxpayer] seek[s] refunded." *Id.* at 226. Second, the court in *Israel* concluded that it was necessary to apply § 6513(b)(1) to determine the statute of limitations on claiming earned income credit refunds in order to discourage dilatory filing. *Id.* (citing *Weisbart v. United States Dep't of Treasury*, 222 F.3d 93, 96 (2d Cir. 2000)).

In the present case, the Court concludes, as did the Second Circuit in *Israel*, that considering the context and principles of the Internal Revenue Code as a whole, § 6513(b)(1) applies to limit refunds of earned income credit. Not only is it illogical to hold that § 6513(b)(1) applies to limit refunds of earned income credits only during tax years in which taxes were actually withheld from

---

[7]Numerous district courts have also addressed this precise issue and have concluded as in *Israel*, that the deemed paid rules of § 6513(b) applies to earned income credits. *E.g., West v. United States*, No. C06-1029, 2007 WL 563924, at *3 n.4 (W.D. Wash. Feb. 20, 2007) (citing *Israel*); *Edmondson v. I.R.S.*, No. C06-3026, 2006 WL 2819601, at *3 (N.D. Cal. Aug. 14, 2006) (citing *Israel*); *Smith v. I.R.S.*, 2000 WL 300488 at *2 (D. Oregon Feb. 8, 2000); *Little v. Comm'r*, No. C99-1176, 1995 WL 1504, at *2 (U.S. Tax Ct. Jan. 3, 1995); *McLeod v. United States*, 229 Ct.Cl. 810, at *1 (Ct. Cl. Jan. 26, 1982).

8

a taxpayer's income, as the court stated in *Israel*, this Court finds that such an interpretation is prohibited by the Supreme Court's language in *Sorenson*, 475 U.S. at 863, 106 S.Ct. at 1608. The *Sorenson* Court states that earned income credit is to be treated as a refund of tax paid regardless whether there was an actual payment. *Id.* Thus, it would be contrary to the language in *Sorenson* if the Court was to hold that the statute of limitations for refunds of earned income credit is influenced by whether or not there was an actual tax payment.

Most importantly however, this Court finds it illogical to conclude that Congress intended that a taxpayer may claim an earned income credit refund anytime he or she chooses to file a tax return for that year. Such an interpretation would not only impose practical hardships upon the Internal Revenue Service, as it would require the agency to verify facts about a taxpayers income and dependent children many years after the fact, *Israel*, 336 F.3d at 226, but would also undermine the entire purpose of having a statute of limitations under § 6511(b)(2)(A) governing "overpayments" such as earned income credits.

The Court finds that applying § 6513(b)(1) to calculate the limitations period of § 6511(b)(2)(A) leads the Court to conclude that Plaintiff's 2001 and 2002 earned income credit refund claims are now barred. Under § 6513(b)(1), Plaintiff's refunds for the 2001 and 2002 tax years is deemed paid as of April 15, 2002, and April 15, 2003, respectively. Under § 6511(b)(2)(A), Plaintiff cannot seek a refund based on the earned income credit for the 2001 tax year after April 15, 2005, or on the earned income credit for the 2002 tax year after April 15, 2006. Because Plaintiff did not claim her refunds until August 17, 2006, after the established deadlines, Plaintiff's claims are barred.

For the foregoing reasons, it is hereby ORDERED that:

(1) Defendant's Motion for Summary Judgment, Doc. 17, be GRANTED;
(2) Plaintiff's Motion for Summary Judgment, Doc. 18, be DENIED;
(3) Plaintiff's Motion to Continue Trial set for March 3, 2009, be DENIED as moot.

Dated this 24th day of February, 2009.

BY THE COURT:

*Lawrence L. Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Tracy Margulies* (signature)
　　　　DEPUTY

10